IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MICHAEL G. TRUJILLO,**

      **Plaintiff,**

v.                                                 **No. CIV 10-0197 RB/GBW**

**BOARD OF COMMISSIONERS OF
TAOS COUNTY, NEW MEXICO, and
JULIA J. VALERIO, TAOS COUNTY
MANAGER, individually, and in her
official capacity,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on Defendants' Motion for Dismissal of Certain Claims in Plaintiffs' Complaint and Supporting Memorandum (Doc. 8), filed on July 27, 2010. Jurisdiction arises under 28 U.S.C. § 1331 and 1367. Having considered the submissions and arguments of counsel, relevant law, and being otherwise fully advised, I find that this Motion should be granted.

**I. Background.**

Plaintiff (Mr. Trujillo) was employed by Defendant Taos County (County) since 1996. (Doc. 1, Compl. ¶ 10.) Mr. Trujillo's national origin is Hispanic. (Compl. ¶ 12.) In October 2008, Mr. Trujillo suffered a stroke. (*Id.*) At that time, Mr. Trujillo had served as Director of Public Works for approximately seven years. (Compl. ¶ 13.) As a result of the stroke, Mr. Trujillo was placed on medical leave. (*Id.*)

On March 25, 2009, Defendant Julia J. Valerio, Taos County Manager, (Ms. Valerio) notified Mr. Trujillo by letter that "he was effectively terminated from his employment as Director of Public Works because of his disability, and that the County was posting and advertising his job to be filled by another." (Compl. ¶ 14.)

In her letter, Ms. Valerio offered Mr. Trujillo employment in other County positions, with or without accommodation for his disability. (Compl. ¶ 15.) The letter included a list of job descriptions for vacant positions in the solid waste recycling, assessor, and adult detention departments. (*Id.*) However, Mr. Trujillo had no experience or training for any of the positions. (Compl. ¶ 16.) Additionally, Ms. Valerio informed Mr. Trujillo that his annual leave and sick leave would be exhausted on April 8, 2009. (Compl. ¶ 17.)

Mr. Trujillo alleges that the decision to demote him from Director of Public Works was motivated by retaliation for his reporting regulations and policy violations in County government. (Compl. ¶ 18.) Mr. Trujillo's reports of malfeasance prompted the District Attorney to launch an investigation of a County Commissioner. (*Id.*) The investigation resulted in adverse publicity. (*Id.*)

On March 5, 2009, Ms. Valerio issued a statement to the news media implying that Mr. Trujillo "would have to suffer the consequences of his disclosures." (Compl. ¶ 20.) Approximately twenty days later, Ms. Valerio sent Mr. Trujillo the letter effectively terminating him from his position as Director of Public Works. (Compl. ¶ 21.)

Mr. Trujillo believes that the County has treated at least one other employee, who also suffered a stroke or a heart attack, more favorably than Mr. Trujillo. (Compl. ¶ 22.) The other employee was the brother of a County Commissioner. (*Id.*) Mr. Trujillo notified the County that his physician opined that the stroke was caused by work-related stress. (Compl. ¶ 23.) The County denied that the injury was work-related and has refused to accommodate the Plaintiff in his former job. (Compl. ¶ 24.) Mr. Trujillo accepted a lesser job with the County in order to maintain his salary and fringe benefits. (Compl. ¶ 25.)

Mr. Trujillo sues under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*; federal law on civil rights, 42 U.S.C. § 1983; the New Mexico Human Rights Act (NMHRA),

N.M. Stat. Ann. §§ 28-1-1 to 28-1-15, and New Mexico common law. More specifically, Mr. Trujillo asserts four counts in his Complaint: (1) employment discrimination under the ADA and NMHRA; (2) retaliation under the ADA, NMHRA, and 42 U.S.C. § 1983; (3) disparate treatment and retaliation under 42 U.S.C. § 1983 and the NMHRA; and (4) wrongful termination and breach of contract under state law. (Compl. at 7-13.)

Defendants move to dismiss the ADA and NMHRA claims against Ms. Valerio, and the ADA and NMHRA retaliation claims against both Defendants.

**II.     Standard.**

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss for failure to state a claim. Such motions "ask whether there is 'plausibility in [the] complaint.' " *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007)). In order to survive a Rule 12(b)(6) motion, the complaint "does not need detailed factual allegations," *Twombly*, 550 U.S. at 554, but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.,* 550 U.S. at 555. The question is whether, if the allegations are true, it is plausible, and not merely possible, that the plaintiff is entitled to relief under the relevant law. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008).

When assessing subject-matter jurisdiction, "the Court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. In such instances, a court's reference to evidence outside the pleadings does not convert the motion to dismiss to a Rule 56 motion for summary judgment." *See Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1294 (10th Cir. 2003). Thus, the Court finds it unnecessary to convert the motion to a summary judgment motion.

**III.     Discussion.**

**A.     The ADA and NMHRA claims against Ms. Valerio will be dismissed.**

   **1.     The ADA claims against Ms. Valerio fail to state a claim.**

Mr. Trujillo has asserted claims for employment discrimination and retaliation under the ADA against both the County and Ms. Valerio. The Tenth Circuit Court of Appeals has determined that personal capacity suits against supervisors are not cognizable under the ADA. *Butler v. City of Prairie Village*, 172 F.3d 736, 743 (10th Cir. 1999). Indeed, Mr. Trujillo virtually concedes this point. (Response Br., Doc. 12, at 1-2.) The Court will therefore dismiss the ADA claims against Ms. Valerio.

   **2.     The NMHRA claims against Ms. Valerio will be dismissed for failure to exhaust administrative remedies.**

Mr. Trujillo has sued Ms. Valerio for employment discrimination and retaliation under the NMHRA. Defendants argue that these claims against Ms. Valerio must be dismissed for failure to exhaust administrative remedies. In support of this argument, Defendants have attached the Charge of Discrimination that Mr. Trujillo filed with the New Mexico Department of Labor, Human Rights Division. (Def. Ex. A, Doc. 8-1.) This document names Taos County as the respondent; it does not mention Ms. Valerio. (*Id.*)

The NMHRA mandates that the plaintiff exhaust administrative remedies as a prerequisite to filing a lawsuit in court. *Mitchell-Carr v. McLendon*, 127 N.M. 282, 286, 980 P.2d 65, 69 (1999). The exhaustion requirement aims "to achieve a satisfactory adjustment of the complaint through persuasion and conciliation." N. M. Stat. Ann. § 28-1-10(C). Consistent with this requirement, a plaintiff may not sue an individual defendant under the NMHRA, unless he has exhausted administrative remedies against that individual. *Sonntag v. Shaw*, 130 N.M. 238, 243, 22 P.3d 1188,

1193 (2001); *Mitchell-Carr*, 127 N.M. at 286, 980 P.2d 69; *Luboyeski v. Hill*, 117 N.M. 380, 382, 872 P.2d 353, 355 (1994).

The administrative procedure established in the NMHRA requires that the complainant file a written charge with the agency which "shall state the name and address of the person alleged to have engaged in the discriminatory practice, all information relating to the discriminatory practice and any other information that may be required" by the agency. N. M. Stat. Ann. § 28-1-10(A). Where a complainant fails to name an individual personally as a respondent, the complainant fails to exhaust administrative remedies as to that individual. *Sonntag*, 130 N.M. at 242-43; 22 P.3d at 1192-93.

Mr. Trujillo does not dispute that he neglected to name Ms. Valerio in his charge of discrimination. (Doc. 12 at 3.) Rather, he asserts that he referred to her by mentioning the letter she sent him. (*Id*.) Mr. Trujillo failed to name Ms. Valerio in the administrative charge of discrimination. It is immaterial that Mr. Trujillo referred to the letter that Ms. Valerio sent him. As the Court noted in *Luboyeski*, "individual defendants cannot be sued in district court under the Human Rights Act unless and until the complainant exhausts her administrative remedies against them." *Luboyeski*, 117 N.M. at 382-383, 972 P.2d at 355. In that he failed to name Ms. Valerio in the charge of discrimination, Mr. Trujillo has clearly failed to exhaust his administrative remedies as to Ms. Valerio. Accordingly, the NMHRA claims against her will be dismissed.

**B.    The ADA and NMHRA retaliation claims will be dismissed for failure to exhaust administrative remedies.**

"A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination filed with the [administrative agency]." *MacKenzie v. City & County of Denver*, 414 F.3d 1266, 1274 (10th Cir.

2005). Similarly, the Supreme Court of New Mexico and the New Mexico Court of Appeals have consistently held that "full compliance with NMHRA grievance procedures [is] a prerequisite to filing [an NMHRA] claim in district court." *Sabella v. Manor Care, Inc.*, 121 N.M. 596, 598, 915 P.2d 901, 903 (1996). *See Luboyeski v. Hill*, 117 N.M. at 382, 872 P.2d at 355; *Jaramillo v. J.C. Penney Co.*, 102 N.M. 272, 273, 694 P.2d 528, 529 (Ct. App.1985).

The Tenth Circuit liberally construes charges filed with the agency in determining whether administrative remedies have been exhausted as to a particular claim. *Jones v. United Parcel Service, Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007). However, "the charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim." *Id.*

It bears underscoring that "[t]he failure to mark a particular box creates a presumption that the charging party is not asserting claims represented by that box." *Jones*, 502 F.3d at 1186 (*citing Gunnell v. Utah Valley State College*, 152 F.3d 1253, 1260 (10th Cir.1998)). Mr. Trujillo did not check the box for retaliation on his Charge of Discrimination. (Def. Ex. A). The Charge of Discrimination, therefore, creates a presumption that Mr. Trujillo did not assert a claim of retaliation.

"The presumption may be rebutted, however, if the text of the charge clearly sets forth the basis of the claim." *Jones*, 502 F.3d at 1186.

The text of the Charge of Discrimination states:

1. Statement of Harm: I have been employed since March 1996. Most recently I was on medical leave due to my disability. I received a letter from my employer stating they would be posting my position and that I was terminated.

2. Respondent's reason for adverse action: none given.

3. Statement of Discrimination: I believe I have been discriminated against because of my disability in violation of the Americans with Disabilities [Act] and the New Mexico Human Rights [Act].

(Def. Ex. A).

Liberally construed, nothing contained in the text of the Charge of Discrimination could be interpreted as a claim for retaliation. In that Mr. Trujillo never made a claim of retaliation in his administrative charge, he failed to exhaust his administrative remedies within the meaning of the ADA and the NMHRA. For this reason, the ADA and NMHRA retaliation claims will be dismissed.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion for Dismissal of Certain Claims in Plaintiffs' Complaint and Supporting Memorandum (Doc. 8), filed on July 27, 2010, is granted.

*[signature]*

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**